Filed 8/17/23  Robertson v. Ruffin CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KENNETH ROBERTSON, SR., | B318042 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. 21CMRO00669) |
| BOBBY RUFFIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Emily T. Spear, Judge.  Dismissed.

Bobby Ruffin, in pro. per., for Defendant and Appellant.

Kenneth Robertson, Sr., in pro. per., for Plaintiff and Respondent.

_____

Appellant Bobby Ruffin appeals the trial court's denial of his motion to terminate an elder abuse restraining order issued against him on behalf of respondent Kenneth Robertson, Sr. Because the restraining order expired in February 2022 and Ruffin advances no reason for us to exercise our discretion to consider the denial of a motion to terminate an already terminated restraining order, we find his appeal moot and dismiss it.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    *The Court Grants a Restraining Order*

On July 1, 2021, Robertson filed a request for an elder abuse restraining order against Ruffin.  The request was accompanied by a signed declaration from Robertson, alleging that Ruffin, who was a member of the church where Robertson was a new pastor, has been "disrupting church and harassing members."  Robertson alleged two incidents:  In April 2021, church members were having their temperature taken and, when it was time to take Ruffin's temperature, Ruffin refused and "grabbed me by my arm real hard."  Also, during a June 2021 church meeting, Ruffin "became angry and started walking towards the deacon in a very aggressive ma[nn]er."  Robertson stepped in between Ruffin and the deacon and Ruffin "pushed the chair on me, hitting me on my legs."  Robertson alleged that as a result, he had "[s]oreness to my knees."  Robertson concluded he felt unsafe around Ruffin.  Also accompanying the request were: (1) a letter addressed to Ruffin and signed by Robertson and four other individuals informing Ruffin that he was excommunicated; (2) an unsigned statement of Donald E. Harris (Chairman of the Deacon Board), recounting instances of Ruffin disrupting church

activities, including one instance where Ruffin threatened a Sunday school teacher and "put his hands in [Harris's] chest as if he was going to push [him] out of the way"; and (3) two statements of Willie Rollins, claiming Ruffin had threatened to "whoop [his] ass" and wanted to fight him, and that he was afraid of Ruffin.[1]

On July 16, 2021, Ruffin filed a response to Robertson's request for a restraining order, asserting no restraining order was necessary because he was 74 years old, disabled, and did not threaten or commit any violence toward anyone. Ruffin alleged he had not threatened Rollins, but had instead stated, " 'When I was a young man I would get in that ass' for what he did during communion." A handwritten witness statement Ruffin submitted along with his response claimed that Ruffin had said, " 'When I was in the world, I would have got in that ass.' "[2]

On July 22, 2021, at Ruffin's request, the hearing on Robertson's petition was continued to August 12, 2021.[3] On August 12, 2021, the court heard the petition. Three witnesses testified on Robertson's behalf and Ruffin testified on his own behalf. At the end of the hearing, the court granted a restraining order that expired in six months. Ruffin did not appeal this order.

---

[1] Neither Harris's nor Rollins's written statements were made under penalty of perjury.

[2] This statement purported to be from a member of the same church as the parties; it was neither signed nor made under penalty of perjury.

[3] The court's minute order gives no reason for the continuance, and no transcript from the hearing was included in the appellate record.

**B.    *Request to Terminate Restraining Order***

On October 13, 2021, Ruffin filed a request to terminate the restraining order, arguing that he had not abused Robertson and that the testimony of Robertson (submitted through declaration) and his witnesses were all "lies."  He also objected that the court "would not allow my witnesses to be heard" at the original hearing.  On November 12, 2021, the court denied Ruffin's request, stating it would not relitigate the case.  Ruffin timely appealed.

On February 9, 2022, the court denied Robertson's request to renew the restraining order, and ordered the case dismissed.

## DISCUSSION

Under Welfare and Institutions Code section 15657.03, "[a]n elder . . . who has suffered abuse . . . may seek protective orders as provided in this section."  (Welf. & Inst. Code, § 15657.03, subd. (a)(1).)  "In the discretion of the court, an order issued after notice and a hearing under this section may have a duration of not more than five years, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party."  (*Id.* at subd. (i)(1).)  Ruffin contends the court erred in denying his request to terminate the restraining order.

Ruffin admits that "just before the restraining order was to end," Robinson asked to renew the order but "[t]he judge denied this request."  The record reflects that the restraining order expired in February 2022, and the court dismissed the case.  "A case is moot and will be dismissed when the appellate court cannot grant the appellant any effective relief."  (*Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th

4

198, 209; see also *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574 ["A case is considered moot when 'the question addressed was at one time a live issue in the case,' but has been deprived of life 'because of events occurring after the judicial process was initiated' "]; *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495 [" ' "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot" ' "].)

Here, Ruffin's appeal is moot because we can grant him no effective relief. Even were we to find the court erred in denying his motion to terminate the restraining order, we could do no more than direct the trial court to grant his motion. This would be a meaningless act—the restraining order has already expired, the court has already denied a request to extend it, and the case has already been dismissed.[4]

While we have discretion to consider moot appeals, Ruffin makes no argument why we should exercise our discretion to do so here, and we see none.

---

[4] At oral argument, Ruffin emphasized that he wanted to clear his name because he believed it was unfair that he was not permitted to call witnesses or conduct cross-examination at the underlying hearing. However, Ruffin's concerns do not translate into relief that we can grant. The restraining order is no longer in effect.

**DISPOSITION**

The appeal is dismissed as moot. In the interests of justice, each party shall bear their own costs on appeal.

NOT TO BE PUBLISHED


CHANEY, J.

We concur:


ROTHSCHILD, P. J.


BENDIX, J.

6